Harold H. EMCH, Plaintiff,

v.

The UNITED STATES of America et al., Defendants.

Civ. A. No. 77–C–677.

United States District Court,
E. D. Wisconsin.

May 7, 1979.
On Motion to Amend Order of
Dismissal Aug. 15, 1979.

George P. Kersten, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty., by Thomas E. Martin, Asst. U. S. Atty., Milwaukee, Wis., and James P. Klapps, Gerard Smolin, Jr., Torts Branch, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for damages arising out of the decline in value of stock held by the plaintiff Harold H. Emch in American Bankshares Corporation following the insolvency of its subsidiary, the American City Bank & Trust Company. Jurisdiction is alleged pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, and, with respect to the fourth cause of action which is against the Federal Deposit Insurance Corporation ("F.D.I.C."), pursuant to 12 U.S.C. § 1819. The defendants are the United States of America, the Comptroller of the Currency, the F.D.I.C., and the Board of Governors of the Federal Reserve System. The matter is presently before the Court on the defendants' motion to dismiss the complaint. For the following reasons, the motion will be granted.

■ In his brief filed September 8, 1978, in opposition to the Government's motion to dismiss, the plaintiff concedes at pages 1–2 that in a suit brought pursuant to the Federal Tort Claims Act, the only proper party defendant is the United States, and with respect to the other three defendants he agrees to dismissal of all except the fourth cause of action, which is brought against the F.D.I.C. under 12 U.S.C. § 1819.

The fourth cause of action will also be dismissed. There is no dispute that it is a claim founded in tort. In *Federal Deposit Insurance Corporation v. Citizens Bank & Trust Company of Park Ridge, Illinois*, 592 F.2d 364 (7th Cir. 1979), the court stated at 371:

"* * * we hold that the waiver of immunity from tort liability of a federal agency or governmental corporation such as FDIC is defined in the Federal Tort Claims Act, and that sue-and-be-sued authority [such as that set forth in 12 U.S.C. § 1819] does not permit suit outside that Act for torts excepted from the coverage of the Act. In so holding we align this circuit with the decisions of all the courts in other circuits that have addressed the question."

The plaintiff in his first, second and third causes of action alleges that the defendant United States, its officers, agents, agencies, and employees were negligent in that they:

"(a) Failed to exercise reasonable care at the operational level of their activities in the regulation of the American City Bank and American Bankshares Corporation.

"(b) Failed to exercise due care at the operational level in the regulation, investigation, testing and analysis of the financial condition and operations of the American City Bank and American Bankshares Corporation.

"(c) Permitted fraudulent and misleading reports to be issued to the shareholders of American Bankshares Corporation.

"(d) Permitted and acquiesced in numerous fraudulent activities by the American City Bank and American Bankshares Corporation, and their officers, accountants and others associated or dealing with them.

"(e) Made numerous mistakes, errors and omissions in the course of examining the American City Bank and American Bankshares Corporation."

(Complaint, paragraphs 7, 11, and 15.) The plaintiff further alleges that the negligence described was a proximate cause of the insolvency of the American City Bank and the loss in value of plaintiff's stock in American Bankshares Corporation.

Section 2674 of Title 28 U.S.C. provides that the United States shall be liable in tort under the same circumstances and in the same manner as a private individual.* Section 2680 of Title 28 U.S.C., however, provides that the United States shall not be liable on certain claims, including:

"(a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

"* * *

"(h) Any claim arising out of * * * misrepresentation * * *."

The Government argues, and numerous cases have held, that § 2680(a) precludes suits based on negligence by agencies of the United States in the regulation and examination of banks, see, e. g., *Huntington Towers, Ltd. v. Franklin National Bank*, No. 75–C–972 (E.D.N.Y. July 1, 1976) (Appendix F to Government's brief filed January 16, 1978), aff'd in part and rev'd in part, 559 F.2d 863 (2d Cir. 1977); *Federal Deposit Insurance Corporation v. M/V Concho*, Civil No. 75–1098–E (S.D.Cal. April 15, 1977) (Appendix D to Government's brief filed January 16, 1978); *Davis v. Federal Deposit Insurance Corporation*, 369 F.Supp. 277 (D.Colo.1974), and that § 2680(h) precludes suit against the United States for withholding relevant information from the public or for permitting a bank to publish misleading or fraudulent reports. See, e. g., *Federal Deposit Insurance Corporation v. M/V Concho*, supra; *Huntington Towers, Ltd. v. Franklin National Bank*, supra; *Federal Deposit Insurance Corporation v. Friedman, Heffner, Kahan & Dysart*, Civil No. 76–510–N (S.D.Cal. April 13, 1977) (Appendix E to Government's brief filed January 16, 1978); *Safeway Portland Employees' Federal Credit Union v. C. H. Wagner & Co., Inc.*, 501 F.2d 1120 (9th Cir. 1974); *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Indeed, at the oral argument held on March 9, 1979, it appeared to the Court that plaintiff is not arguing that tort claims against the United States can arise out of the ordinary, although negligent, performance by federal agencies of their regulatory banking functions.

Instead, it appeared during the oral argument that plaintiff is arguing that liability should be imposed because the federal agencies in the case of the American City Bank & Trust Company during the final months prior to its dissolution undertook to perform extraordinary and extrastatutory functions, i. e., the day-to-day management of the affairs of the bank. In *In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723, 728, 731, 733–734 (E.D.N.Y.

---

* For purposes of this decision only, and because it need not reach the issue in order to decide the pending motion to dismiss, the Court assumes the existence of a duty under Wisconsin law under the circumstances of this case which could form the basis for suit against a private individual. But cf. *In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723, 729–731 (E.D.N.Y.1978).

1978), the court did hold that when a federal agency exceeds its "normal regulatory role" and assumes "substantial control over the day-to-day operations" of the bank, thereby inducing the bank and bank directors to rely on the agency's actions to prevent fraud, the United States loses its Federal Tort Claims Act protection from liability and subjects itself to suit if it has negligently performed the extrastatutory functions which it has undertaken to perform.

In this case, however, the complaint does not allege operational level negligence of the type found by the court to have been alleged in *In re Franklin National Bank Securities Litigation,* supra. Indeed, in that case the court noted that "the allegations [of the complaint] here makes [sic] this an extraordinary case." 445 F.Supp. at 734. The court also held that negligent performance by federal agencies of their *statutory* duties to regulate and examine banks will not subject the United States to suit under the Federal Tort Claims Act. 445 F.Supp. at 729–731. A court should look at the substance of the claim alleged and not merely at the language used in stating it. *Gaudet v. United States,* 517 F.2d 1034 (5th Cir. 1975); *Fitch v. United States,* 513 F.2d 1013 (6th Cir. 1975); *Lambertson v. United States,* 528 F.2d 441 (2d Cir. 1976). Despite plaintiff's inclusion of the word "operational" in his complaint, the Court is persuaded that a fair reading of the complaint filed in this case fails to disclose a cause of action of the type discussed in *In re Franklin National Bank Securities Litigation,* supra, and that the claim as actually set forth is barred by the provisions of 28 U.S.C. § 2680(a) and (h).

IT IS THEREFORE ORDERED that the motion of the defendants the Federal Deposit Insurance Corporation, the Comptroller of the Currency, and the Board of Governors of the Federal Reserve System to dismiss the complaint against them is granted, and the complaint is dismissed as to them with prejudice.

IT IS FURTHER ORDERED that the motion of the defendant United States of America to dismiss the complaint against it is granted, and the complaint is dismissed as to it without prejudice.

## ON MOTION TO AMEND ORDER OF DISMISSAL

The above-entitled action is before the court on plaintiff's motion to amend the order of dismissal and the judgment entered on May 7 and 8, 1979, and for leave to file an amended complaint against the United States. The motion will be denied. The defendant has objected to the motion on the ground that plaintiff has failed to exhaust his administrative remedies, which are a prerequisite to suit under the Federal Tort Claims Act ("FTCA"), see 28 U.S.C. § 2675(a), with respect to his claim as set forth in the proposed amended complaint.

On May 7, 1979, the court dismissed the complaint on the basis that it alleged acts by the defendants which were discretionary in nature and that the defendants were therefore immune from suit under the discretionary function exception of the FTCA set forth in 28 U.S.C. §§ 2674 and 2680(a). The court also stated that operational level negligence by the defendants in the performance of extrastatutory duties would subject the United States to suit under the Federal Tort Claims Act:

"* * * In *In re Franklin National Bank Securities Litigation,* 445 F.Supp. 723, 728, 731, 733–34 (E.D.N.Y.1978), the court did hold that when a federal agency exceeds its 'normal regulatory role' and assumes 'substantial control over the day-to-day operations' of the bank, thereby inducing the bank and bank directors to rely on the agency's actions to prevent fraud, the United States loses its Federal Tort Claims Act protection from liability and subjects itself to suit if it has negligently performed the extra-statutory functions which it has undertaken to perform." (Decision and order issued May 7, 1979, at page 4.)

It is this type of claim which the plaintiff wishes to assert in his amended complaint.

■ The filing of a claim with the appropriate administrative agency or agencies is a jurisdictional prerequisite to suit under the FTCA.** 28 U.S.C. § 2675(a); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972); *House v. Mine Safety Appliances Company*, 573 F.2d 609, 614 (9th Cir. 1978); *Lunsford v. United States*, 570 F.2d 221 (8th Cir. 1977). The purpose of the requirement is to permit administrative consideration of and settlement of claims and to avoid unnecessary litigation. 1966 U.S.Code Cong. & Admin. News, at pp. 2515–2527; *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 23 n. 27 (3d Cir. 1975); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 517 (6th Cir. 1974). In order to permit adequate administrative consideration, the claimant may be required by the agency to submit sufficient information to allow it to make an informed evaluation of the claim. *Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D.N.Y.1975); *Rothman v. United States*, 424 F.Supp. 13 (C.D.Cal. 1977); 28 C.F.R. § 14.4(c)(5).

■ On April 4, 1979, the plaintiff filed an administrative claim with the Comptroller of the Currency, the Federal Deposit Insurance Corporation, and the Board of Governors of the Federal Reserve System. (Affidavit of Gerard Smolin, Jr., filed June 5, 1979, paragraph 5, and exhibit A to the affidavit.) The substance of the claim is as follows:

"d. Said undersigned claim they have been damaged as the result of your failure for the years 1971, 1972, 1973, 1974, and 1975 inclusive, to properly and adequately supervise, examine and control the condition, performance, operation, liquidity and solvency of American City Bank and Trust Company N.A., a banking entity of Milwaukee, Wisconsin, and in failing to take proper and adequate measures to correct deficiencies, including but not limited to violation of lending and collateral rules existing in said bank and in said holding company and in failing to take proper and adequate measures to preserve and conserve the assets of said bank and said holding company."

The plaintiff nowhere alleged that the defendants had actually taken over the management or operation of the American City Bank and Trust Company. Thus his claim was denied by the Comptroller based in part specifically on the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). (See exhibit C to Smolin affidavit.)

The Court noted in its May 7, 1979 decision and order at page 4 that a valid claim of the type which plaintiff now seeks to present would be " 'an extraordinary case.' " While it seems unlikely that any of the appropriate federal agencies, having denied plaintiff's prior claim, would now grant this "extraordinary" claim, nevertheless 28 U.S.C. § 2675(a) requires that they be allowed the first opportunity to review the claim. *Napier v. United States*, No. C–77–35–G (M.D.N.C. January 3, 1979) (exhibit D to supplemental memorandum of the United States filed June 5, 1979). Also, since the administrative review procedure is designed in part to ease the workload of the courts, it should be of some assistance that the parties will be required to review the information on which the claim is based and the merits of the claim prior to litigating it.

IT IS THEREFORE ORDERED that the motion of the plaintiff Harold H. Emch to amend the order of dismissal and the judgment entered on May 7 and 8, 1979, and for leave to file an amended complaint against the United States is denied.

---

** The Court expresses no opinion as to whether the statute can be tolled under certain circumstances, see, e. g., *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 517 (6th Cir. 1974), if, for example, plaintiff in this case should have difficulties with the statute of limitations.