Harold H. EMCH, Jr., and Elizabeth R. Emch, as Co–Personal Representatives of the Estate of Harold H. Emch, Plaintiffs–Appellants,

v.

The UNITED STATES of America et al., Defendants–Appellees.

No. 79–2243.

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1980.

Decided Sept. 12, 1980.

George P. Kersten, Milwaukee, Wis., for plaintiffs–appellants.

Eloise E. Davies, U. S. Dept. of Justice, Civil Div., Washington, D. C., for defendants–appellees.

Before SWYGERT, Circuit Judge, WOOD, Circuit Judge, and NOLAND, District Judge.*

NOLAND, District Judge.

This is an appeal by Harold H. Emch, Jr. and Elizabeth R. Emch as corepresentatives of the estate of Harold H. Emch. Appellants challenge the district court's dismissal of their complaint against the United States for failure to state a claim upon which relief can be granted and its subsequent refusal to permit the filing of an amended complaint. For the reasons set forth below, we affirm the district court's actions in all respects.

The facts may be briefly summarized as follows. On October 21, 1975, the American City Bank & Trust Company (American

---

* District Judge James E. Noland of the Southern District of Indiana is sitting by designation.

City Bank) was declared insolvent by the Comptroller of the Currency and was taken over by the Federal Deposit Insurance Corporation (FDIC), acting as receiver. This action allegedly rendered worthless some 39,480 shares of stock held by Emch, Sr., in American Bankshares Corporation, a bank holding company holding 100% of the outstanding shares of American City Bank, its largest subsidiary. Emch thereafter filed administrative claims with the Comptroller, the FDIC, and the Federal Reserve Board pursuant to 28 U.S.C. § 2675,[1] which were subsequently denied. The substance of the claims, in pertinent part, was as follows:

d. Said undersigned claim they have been damaged as the result of your failure for the years 1971, 1972, 1973, 1974, and 1975 inclusive, to properly and adequately supervise, examine and control the condition, performance, operation, liquidity and solvency of American City Bank and Trust Company N.A., a banking entity of Milwaukee, Wisconsin, and in failing to take proper and adequate measures to correct deficiencies, including but not limited to violation of lending and collateral rules existing in said bank and in said holding company and in failing to take proper and adequate measures to preserve and conserve the assets of said bank and said holding company.

e. As the result of paragraph (d) above, the said holding company, to–wit: American Bankshares Corporation became insolvent and its stock (including the stock of the undersigned) became worthless.

1. The Federal Tort Claims Act, 28 U.S.C. § 2675(a), provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have first been finally denied by the agency in writing and sent by certified or registered mail.

2. Sections 2680(a) and (h) of the Federal Tort Claims Act, 28 U.S.C. § 2680(a) and (h), make *the provisions of the Act inapplicable to:*

Following the denial of his claims at the administrative level Emch, on April 18, 1977, instituted the action underlying this appeal. The complaint, filed under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–74, charged that the United States, by way of the Comptroller's Office, the FDIC, and the Federal Reserve Board, was negligent at the "operational level" in the regulation and examination of American City Bank and American Bankshares Corporation, and that such negligence proximately caused the insolvency of American City Bank and the resultant investment losses suffered by Emch. Upon motion by the Government, the district court dismissed the Comptroller, the FDIC, and the Federal Reserve Board as defendants, as well as a separate claim against the FDIC alleged under 12 U.S.C. § 1819. These actions are not challenged in this appeal. Subsequently, however, the district court ruled that the alleged wrongs on the part of the United States fell within the "discretionary function" or "misrepresentation" exceptions to Federal Tort Claim liability.[2] In its order reported at 470 F.Supp. 206 and again at 474 F.Supp. 99 (E.D.Wis. 1979), the court dismissed Emch's claim, saying:

The government argues, and numerous cases have held, that § 2680(a) precludes suits based on negligence by agencies of the United States in the regulation and examination of banks . . . and that § 2680(h) precludes suit against the Unit-

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

. . . . .

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . .

ed States for withholding relevant information from the public or for permitting a bank to publish misleading or fraudulent reports . . . Indeed, at the oral argument held on March 9, 1979, it appeared to the Court that plaintiff is not arguing that tort claims against the United States can arise out of the ordinary, although negligent, performance by federal agencies of their regulatory banking functions.

474 F.Supp. at 101 (citations omitted). The district court rejected Emch's contention that the federal agencies acted beyond the scope of their normal regulatory roles and "undertook to perform extraordinary and extrastatutory functions, i. e., the day–to–day management of the affairs of the bank," and were therefore not entitled to the protections afforded by the discretionary function or misrepresentation exceptions to tort liability contained in Sections 2680(a) and (h). *Id.* Referring to the decision in *In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723 (E.D.N.Y. 1978), in which claims of operational level negligence by federal agencies were held sufficient to withstand a dismissal motion based upon the provisions of Section 2680(a), the district court held that, despite Emch's use of the word "operational" in his complaint, the cause of action alleged was not of the type set forth in *In re Franklin National Bank Securities Litigation*, and was accordingly barred by the provisions of 28 U.S.C. §§ 2680(a) and (h). 474 F.Supp. at 102.

Plaintiff Emch thereafter moved to amend the order of dismissal and for leave to file an amended complaint so as to more fully assert that the examining agencies had taken over, and were negligent in, the day–to–day management and operation of American City Bank. The district court denied the motion, noting that in his administrative claims, a prerequisite to suit under the Federal Tort Claims Act, Emch nowhere alleged such extrastatutory or "operational level" negligence. 474 F.Supp. at 103. This appeal followed.

The issues presented for review are (1) whether the district court erred in dismissing Emch's complaint for failure to state a claim cognizable under the Federal Tort Claims Act, and (2) whether the district court erred in refusing to modify the dismissal order and to allow Emch to amend his complaint so as to specifically allege extrastatutory or operational level negligence. As previously indicated, we have concluded that the court below acted correctly in all respects, and therefore affirm the decision of which the appellants complain. The following discussion will outline the reasons for our conclusion.

■ The adoption of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, marked a major step away from the long tradition, rooted in common law, of sovereign immunity. The Act permits the maintenance of private actions for money damages against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[3] However, the amenability of the government to private suits under the Act is not without restriction. As noted in the oft–cited decision in *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), the Act's legislative history indicates that it was not contemplated that the government should be subject to liability for errors in administration or in the exercise of discretionary functions. *Id.* at 26–27, 73 S.Ct. at 963. This sentiment is embodied in section 2680(a), the discretionary function exception, which formed the basis for the Court's holding in *Dalehite* that the Government could not be held liable for damage arising out of the explosion of shipboard fertilizer grade ammonium nitrate under government supervision.

■ Considerable conflict has revolved around the concept of "discretionary functions or duties" in the context of tort claim immunity. Although the Court in *Dalehite* declined to define the boundaries of the phrase, it did note that

**3.** 28 U.S.C. § 1346(b).

[it] includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable.

.    .    .    .    .

In short, the alleged "negligence" does not subject the Government to liability. The decisions held culpable were all responsibly made at a planning rather than operational level and involved considerations more or less important to the practicability of the Government's fertilizer program.

*Id.* at 35–42, 73 S.Ct. at 968–71 (footnotes omitted). This policy or planning, as opposed to operational, level distinction has served as the primary test for applicability of section 2680(a) since *Dalehite*. Although other courts have entertained suggestions of distinctions based upon governmental, as opposed to non–governmental, activities, *Indian Towing Company v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955) (rejecting the proffered distinction), or upon behavior involving rule application as opposed to that of rulemaking, *Hendry v. United States*, 418 F.2d 774 (2d Cir. 1969), the existence of a discretionary function, and thus the potential for governmental liability under the Federal Tort Claims Act, ultimately rests upon the characterization of the challenged behavior as "policy" or "operations." In making this determination, relevant considerations include whether or not the nature of the judgment exercised called for policy considerations, *Griffin v. United States*, 500 F.2d 1059 (3rd Cir. 1974), and whether the Act complained of is "the result of a judgment or decision which it is necessary that the Government official be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability," *Ove Gustavsson Contracting Co. v. Floete*, 299 F.2d 655, 659 (2d Cir. 1962).

Appellants do not argue that federal agencies charged with regulation of banking institutions are liable for losses arising out of the normal, although negligent, performance of statutory regulatory functions.[4] Instead, they contend that the complaint dismissed below adequately and effectively alleged operational level negligence on the part of the federal agencies and that it therefore stated a viable claim under the planning/operational level test so as to avoid the exception provided by section 2680(a). Specifically, appellants point to the decision in *In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723 (E.D.N.Y.1978) as the basis for their allegations of error at the district court level. In that case, the Court held that section 2680(a) did not bar negligence claims against the United States where the third party complaints clearly asserted that the federal agencies had taken over actual operation of a bank previously declared insolvent. The Court stated:

[W]hile the chartering of a national bank by the United States is a discretionary decision exempt from scrutiny, as is the fixing of the date of declaration of insolvency, however, once having taken control of a bank, as it is alleged to have done here, it could not operate it in a

---

**4.** Indeed, the case forming the cornerstone of appellants' arguments herein suggests that mere negligent performance of statutory regulatory activities cannot subject the government to liability. See *In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723, 729–31 (E.D.N.Y.1971). *See also Ove Gustavsson Contracting Co. v. Floete*, 299 F.2d 655 (2d Cir. 1962), and *Zabala Clemente v. United States*, 567 F.2d 1140, 1151 (1st Cir. 1977), in which the court stated:

We do not believe that the expanded role of the federal government in the safety area through such legislation as OSHA indicates an intent of Congress to make the United States a joint insurer of all activity subject to inspection . . . Nor do we believe that there is any sound policy basis for requiring that government attempts to protect the public must be accompanied by per se tort liability if they are unsuccessfully carried out.

negligent manner without being subject to liability.

445 F.Supp. at 735 (citation omitted).

The district court in the case at bar did not take issue with the holding in *In re Franklin National Bank Securities Litigation.* It simply held that the allegations of negligence in the instant case were not of the type held to be sufficient in *Franklin National*, stating:

> Despite plaintiff's inclusion of the word "operational" in his complaint, the Court is persuaded that a fair reading of the complaint filed in this cause fails to disclose a cause of action of the type discussed in *In re Franklin National Bank Securities Litigation, supra,* and that the claim as actually set forth is barred by the provisions of 28 U.S.C. §§ 2680(a) and (h).

474 F.Supp. at 102.

■ Keeping in mind that, as the district court correctly noted, a court considering a motion to dismiss should look at the substance of a claim alleged and not merely at the language used in stating it, *Gaudet v. United States,* 517 F.2d 1034 (5th Cir. 1975), it is clear that the claims in this case are quite unlike those considered in *Franklin National.* The assertion that the various regulatory agencies "[f]ailed to exercise reasonable care at the operational level of their activities in the regulation of the American City Bank and American Bankshares Corporation," and "[f]ailed to exercise due care at the operational level in the regulation, investigation, testing and analysis of the financial condition and operation of the American City Bank and American Bankshares Corporation," cannot reasonably be interpreted as stating claims for negligence in the day–to–day operation and management of a bank or bank holding company. Rather, the essence of the claims is the allegation of negligent performance of regulatory and statutory supervision or monitoring of the bank entities. As such, they cannot be sustained in light of the provisions of section 2680(a).

The remainder of the allegations set forth by the appellants were also found by the district court to have been barred by the exceptions contained in 28 U.S.C. § 2680. They basically assert that the federal agencies were negligent in permitting the issuance of fraudulent and misleading reports to American Bankshares' stockholders, in permitting fraudulent activities by officers and business associates of American City Bank and American Bankshares, and in committing numerous "mistakes, errors, and omissions in the course of examining" the bank and its holding company. These, too, fall facially within the exception provided by section 2680(a), and were properly dismissed by the district court.

■ What remains to be considered is whether the district court erred in refusing to permit amendment of Emch's complaint so as to allege extrastatutory or operational level negligence. Central to our determination that the district court did not err in denying the request for leave to amend is the fact that in Emch's initial claims against various federal agencies at the administrative level, absolutely no allegation of "operational level" negligence was made. As previously noted, the claims asserted that shareholders of American Bankshares Corporation had suffered losses as a result of the failure of the various federal agencies to

> properly and adequately supervise, examine and control the condition, performance, operation, liquidity and solvency of American City Bank and Trust Company . . . and in failing to take proper and adequate measures to correct deficiencies, including but not limited to violation of lending and collateral rules existing in said bank and in said holding company and in failing to take proper and adequate measures to preserve and conserve the assets of said bank and said holding company.

From this language it is clear that the administrative level claims were an attempt to saddle the government with liability on the basis of its failure, in the course of its statutory regulatory activities, to anticipate the financial difficulties of American City Bank, to insure the honesty and competency

of its officers, and to successfully prevent the losses to American Bankshares' stockholders which resulted from the bank's various difficulties. These are claims of the type which section 2680(a) was designed to preclude, and largely for this reason they were deemed inadequate by the administrative agencies against which they were made. No allegation of extrastatutory or operational level negligence was made which could serve to bypass the discretionary function exception.

It is well settled that a court acting on a motion for leave to amend a complaint in circumstances similar to those presented by the facts of this case is vested with considerable discretion, and that its determination may not be reversed absent a showing that such discretion has been abused. *Stanek v. Trailmobile, Inc.*, 283 F.2d 827, 828 (7th Cir. 1960). In view of the absence at the administrative level of allegations of operational level negligence, and inasmuch as the filing of a claim with the appropriate administrative agency is a jurisdictional prerequisite to suit under the Federal Tort Claims Act, 28 U.S.C. § 2675(a); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972), we hold that the district court properly denied the motion for leave to amend so as to permit the appropriate agencies the first opportunity to review any claims of extrastatutory or operational level negligence. Accordingly, the decision of the district court in this and all other respects is hereby AFFIRMED.