**Jack L. SMITH, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 83–6437.

United States District Court,
E.D. Michigan, S.D.

May 31, 1984.

Katherine Hundshamer Wainright, Crippen, Urquhart, Cmejrek & Weber, Ann Arbor, Mich., for plaintiff.

Geneva Halliday, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION
## AND ORDER

JOINER, District Judge.

This matter is before the court on the defendant's Motion to Dismiss brought under Fed.R.Civ.P. 12(b)(1) and (6). For the reasons stated below, the motion is granted.

This is an action for medical malpractice brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 *et seq.* The plaintiff claims that an injury to his wrist was improperly diagnosed as arthritis at the Veterans' Administration Hospital in Ann Arbor and that as a result he has suffered damages. He filed a claim with the Veterans' Administration on November 25, 1981, shortly after he discovered the alleged misdiagnosis. The claim was denied on February 28, 1983, for failure to provide requested information.

After the denial, the plaintiff had a specialist evaluate the condition of his wrist and he received the report on May 5, 1983.

On October 4, 1983, he requested that the agency reconsider the previous denial. The request for reconsideration was denied as untimely but the denial also stated that the report of the specialist did not alter the previous finding of no negligence. This action was filed on November 4, 1983.

The United States claims that the action is untimely and, therefore, must be dismissed.

■ Any person seeking damages against the United States must first file a claim with the appropriate agency. 28 U.S.C. § 2675. The claim must be filed within two years of accrual and the district court action within six months of the denial of the claim by the agency:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The administrative claim procedure and the time limits are jurisdictional. *Executive Jet Aviation Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974); *Stewart v. United States*, 503 F.Supp. 59 (N.D.Ill.1980).

The regulations provide that the agency must include, in the notification of denial, information regarding the six month period for filing an action. 28 C.F.R. § 14.9(a). The regulation also provides that a claimant may seek reconsideration of the denial within six months of the decision. The request for reconsideration will toll the period for filing the court action for up to six months.

■ Because claimant did not comply with the six month limitation on requests for reconsideration, the date of the original denial controls and the action is untimely.

In somewhat similar situations, the Court of Appeals for the Ninth Circuit has reached the same conclusion. In *Woirhaye v. United States*, 609 F.2d 1303 (1979), the claimant filed an amendment more than six months after the notice of denial of the claim. The claimant then argued that the date the amendment was denied was the date of the final denial for purposes of § 2401(b). The Court of Appeals rejected this argument and held that when the agency denies a claim under the Federal Tort Claims Act in accordance with its regulations, it is a final denial for purposes of the statute *unless* 1) the claimant files a timely amended claim or 2) the agency leads the claimant to believe that the original claim is still under investigation.

In *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896 (9th Cir.1970), after the agency denied the initial claim, the claimant made two further inquiries. Each time the agency responded citing its original position. The claimant then filed an action in federal court within two years of the accrual of the claim but more than 6 months after the initial denial. The Court of Appeals held that the action was untimely.

The plaintiff cites *Emch v. United States*, 630 F.2d 523 (7th Cir.1980), and *Susanin v. United States*, 570 F.Supp. 25 (W.D.Pa.1983), in support of the proposition that he might file a new claim with the agency within the two year period and that the appropriate date for purposes of § 2401(b) is the date of denial of that claim. *Emch* dealt with an attempt to hold the United States liable for negligence in regulating a bank through one of its agencies. The case was on appeal from a number of rulings of the district court, one of which was the denial of a motion to amend. The Court of Appeals affirmed the denial on the ground that the claim that the plaintiff wanted to include had not been filed with the agency. *Emch* does not support the proposition urged by the plaintiff.

The second case, *Susanin, supra,* involved claims for personal injury and loss of consortium. The court dismissed the loss of consortium claim because the claimant had not received a final denial from the agency, which was a jurisdictional prerequisite.

■ The plaintiff urges that under these cases you may file additional claims with an agency. The court is not persuaded that this is correct. The fact that you may not bring an action on a claim which has not been filed with the agency does not mean that you may file additional claims with the agency regarding the same injury for the purpose of avoiding the six month limitation in § 2401(b). To hold otherwise would undermine the provisions of the statute and make the six month limitation meaningless.

Therefore, the court finds that this action is untimely. The defendant's motion to dismiss is granted.

SO ORDERED.