**John R. WILLIAMS, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 95–1507.**

United States District Court,
District of Columbia.

July 22, 1996.

---

John G. Gill, Jr., Gill & Sippel, Rockville, MD, for plaintiff.

Daniel F. Van Horn, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on the motion of defendant United States of America to dismiss or transfer, or, in the alternative, for summary judgment. By order filed January 23, 1996, the United States was substituted as party defendant in place of the Department of Veterans Affairs. Upon consideration of this motion, plaintiff's opposition thereto, defendant's reply, plaintiff's response, and defendant's surreply thereto, the court shall grant the motion to dismiss in part, grant the motion to transfer in part, and grant the motion for summary judgment in part.

## I. BACKGROUND

Plaintiff John R. Williams, Jr. is a Vietnam combat veteran who was honorably discharged from the Marine Corps. In 1976, plaintiff was awarded service-connected disability compensation by the Department of Veterans Affairs ("V.A."). At that time, he had a nervous condition rating which was rated by the V.A. as zero percent disabling. In 1987, plaintiff's nervous condition rating was increased to fifty percent disabling. With the advent of the Persian Gulf War, plaintiff experienced heightened symptoms of post traumatic stress disorder (PTSD), and, in September 1992, plaintiff began receiving treatment from Dr. Sherwin E. Little at the Springfield Vet Center, a V.A. facility in Springfield, Virginia.

Dr. Little informed plaintiff that he could participate in a future 6–month PTSD group, and in the meanwhile plaintiff had impromptu therapy sessions with Dr. Little. Dr. Little, with plaintiff's written authorization, discussed plaintiff's behavior and mental disability with plaintiff's old girlfriend, Ms. Carol Thompson, and invited her to a "significant other" group counseling session held on February 3, 1993. The next day, during a heated telephone conversation between plaintiff and Dr. Little in which the doctor allegedly called the plaintiff "a control freak" and "a bastard," Dr. Little informed the plaintiff that he was "disqualified" from the upcoming PTSD program and that the plaintiff was not welcome to return to the Vet Center.

Plaintiff contacted Mr. Philip Hamme, Regional Manager of the Vet Center, to complain about Dr. Little's actions. Mr. Hamme assigned Dr. Sherod Williams, Assistant Regional Manager for Counseling, to investigate plaintiff's complaints concerning Dr. Little and the Vet Center. Dr. Williams engaged in regular telephone therapy sessions with plaintiff over the next several days. Dr. Williams suggested that the plaintiff begin therapy with a private psychiatrist through the V.A.'s fee-based treatment program since "further treatment at the Springfield Vet Center would be counter-productive." Dr. Williams also drafted an investigative report

concerning the plaintiff's complaints, but Mr. Hamme refused to allow plaintiff to view the report.

Plaintiff began treatment with Dr. Walter Guarino in Vienna, Virginia, through the V.A.'s fee-basis treatment program; plaintiff had a total of five sessions with Dr. Guarino. However, the V.A. cancelled plaintiff's participation in the fee-basis treatment program after plaintiff informed Mr. Hamme's assistant, Ms. Linda Wilson, that "Dr. Guarino says that the Vet Center really screwed me up." Dr. Guarino was not paid for services rendered until July 1995.

From February 18, 1993, until the fall of 1994, plaintiff pursued a letter writing campaign to the V.A. to obtain the report drafted by Dr. Williams. This effort culminated in a civil action brought by plaintiff to obtain the material under the Privacy Act and the Freedom of Information Act. The court ultimately held that Dr. Williams' draft report need not be released to plaintiff and that Mr. Williams had signed a written authorization permitting Dr. Little to contact Ms. Thompson. *Williams v. Department of Veteran Affairs*, 879 F.Supp. 578 (E.D.Va.1995) ("*Williams I*"). On November 21, 1994, plaintiff filed an administrative claim with the V.A., Standard Form 95, pursuant to the Federal Torts Claim Act.

Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671–2680, alleging medical malpractice on the part of the V.A. Specifically, plaintiff alleges that defendant breached the standard of care owed plaintiff by:

(1) failing to provide necessary medication to plaintiff or to refer him to other mental health care providers who could provide medication, Am.Comp. at ¶ 54(c);

(2) providing inadequate care and treatment planning when V.A. psychologists knew of plaintiff's need for proper mental health care, Am.Comp. at ¶ 54(d);

(3) abandoning plaintiff's treatment (a) through Dr. Little's statements on February 4, 1993; (b) by refusing to permit Dr. Williams' continued counseling of plaintiff when plaintiff was in great need of Dr. Williams' therapy; and (c) by terminating Dr. Guarino's emergency psychiatric care, Am.Comp. at ¶ 54(e) and 54(f);

(4) instilling in plaintiff hope that he would be cured and then causing plaintiff to feel despair and betrayal by (a) Dr. Little's promise that plaintiff would be cured in six months followed by Dr. Little's interaction with Ms. Thompson, and (b) Dr. Williams' implying that plaintiff would be pleased with his report followed by the withholding of the report from plaintiff, Am.Comp. at ¶ 54(g);

(5) negligently creating a mistrusting atmosphere when the agency should have known of plaintiff's delicate mental condition by (a) withholding Dr. Williams' report from plaintiff, (b) "persecuting and punishing" Dr. Williams after the doctor tried to come to the aid and assistance of plaintiff, and (c) the V.A.'s misrepresentations in its correspondence with the plaintiff, Am.Comp. at ¶ 54(h);

(6) improperly involving Ms. Thompson in plaintiff's treatment, even given a finding that plaintiff signed an authorization to release confidential communication to Ms. Thompson, Am.Comp. at ¶ 54(b). The court will treat these allegations as six separate claims of medical malpractice.

Plaintiff claims that because of the aforementioned actions by defendant he experienced emotional and psychological injury with consequences including a PTSD disability increase from fifty to one hundred percent disabling, a chronic mental condition, an inability to be gainfully employed, the need to file for bankruptcy, the inability to reconcile with his wife, the need for continuing psychiatric counseling and medication, and a loss of trust and confidence in the V.A. itself and any services provided by the V.A. These injuries were catalogued both in the plaintiff's complaint and in his administrative claim.

Plaintiff filed his initial complaint with this court on August 9, 1995. The Department of Veterans Affairs filed its Motion to Dismiss or to Transfer or, in the alternative, for Summary Judgment on October 23, 1995, and made its motions under Federal Rules of Civil Procedure 12(b)(1), (3), (6), and 56. The United States was substituted as party

defendant in place of the Department of Veterans Affairs on January 23, 1996.

## II. DISCUSSION

### A. DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant moves under Federal Rule 12(b)(1) to dismiss this case for lack of subject matter jurisdiction. First, defendant proposes that the "presentment requirement" of the Federal Tort Claims Act, which requires that a tort claim first be presented to the appropriate United States agency before being pursued in federal court, has not been fulfilled. Second, defendant claims that under the Veterans' Judicial Review Act, exclusive jurisdiction over benefits determinations lies with the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit.

#### 1. PLAINTIFF'S MOTION PURSUANT TO THE FEDERAL TORT CLAIMS ACT

■ The Federal Tort Claims Act ("FTCA") allows a claimant to bring an action in federal court under the FTCA only after having "first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675. This is the so-called "presentment requirement" of the FTCA. Thus, in order to pursue his medical malpractice claim, the plaintiff must work within the confines of the FTCA, because otherwise the United States and its agencies are protected from tort claims by sovereign immunity.

■ The standard within the D.C. Circuit for determining whether the presentment requirement of the FTCA is satisfied is set forth in *GAF Corp. v. United States*, 818 F.2d 901 (D.C.Cir.1987), which at the outset determined that the presentment requirement is a jurisdictional question. *Id.* at 917. The *GAF Corp.* court found that Congress, in adding the FTCA's presentment requirement in 1966, "manifested no interest whatsoever in restricting claimants' rights under the Federal Tort Claims Act or in restricting their access to the courts. To the contrary, Congress identified private liti-

gants as the primary beneficiaries of the amendments." *Id.* at 917. Rather, the imposition of the presentment requirement was "solely for the purpose of expediting settlement of claims in those instances where settlement was appropriate." *Id.* at 918. The presentment requirement was meant to give notice to the affected United States agency. *Id.* at 919. "Thus we hold ... that Section 2675(a) requires a claimant to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *Id.* at 919–20 (footnote omitted).

In discussing how a claimant may meet these two requirements, the *GAF Corp.* court found that "claimants providing the agencies notice of a claim need provide no more information than the regulations specify for the initial presentment of a claim: 'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain ...'" *Id.* at 920 (quoting 28 C.F.R. § 14.2(a) (1985)).

■ In the instant case, plaintiff in a timely fashion submitted a completed Standard Form 95 ("SF–95") which, among other things, listed the injuries plaintiff suffered and a sum-certain amount of damages. While a claimant may not "present one claim to the agency and then maintain suit on the basis of a different set of facts," *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir.1991) (quoting *Dundon v. United States*, 559 F.Supp. 469, 476 (E.D.N.Y.1983)), it is not compulsory under the presentment requirement to list the legal theory, such as medical malpractice, upon which the plaintiff's claim is based. *Deloria*, 927 F.2d at 1011–12. It is only necessary that the agency be put on notice of the injury so that it may begin its own investigation of the matter. *GAF Corp.*, 818 F.2d at 920. The plaintiff's SF–95 included the essence of all of the incidents stated in plaintiff's amended complaint which form the basis of his medical malpractice claim and included all of the injuries described in the amended complaint as having resulted from the alleged malpractice. "In order to establish jurisdiction under the [FTCA], a claimant must provide the

agency with notice of a claim, not substantiate it to the agency's satisfaction." *Id.* at 917. The court finds that defendant was given sufficient notice of the medical malpractice claim. Therefore, plaintiff satisfies the presentment requirement of the FTCA.

Defendant's concentration on plaintiff's presentment of the manner in which the standard of care was breached is misplaced. "Congress did not impose on claimants the burden of substantiating their claims as part of the presentment process, it made a statutory precondition to filing suit." *Id.* at 919. An adequate presentment was made to the V.A. which enabled it to investigate the allegations raised in the amended complaint. The case *Bembenista v. United States,* 866 F.2d 493 (D.C.Cir.1989), cited by defendant, is easily distinguishable from the present case. In that case, the plaintiff appended over 400 pages to an SF–95 sexual harassment claim, and subsequently filed a medical malpractice claim which relied on the underlying facts of the same SF–95 filing's attachments to meet the presentment requirement. That court held that an agency in such circumstances could not be expected to "contemplate the nuances of every sentence in such a submission," and was thus not given notice of the medical malpractice claim. *Bembenista,* 866 F.2d at 499.

In contrast, in this case the SF–95 which plaintiff submitted contained only a three page addendum, V.A. psychiatrist Dr. Bradley Soule's December 30, 1993 report on plaintiff. In addition, while not required under the presentment requirement, plaintiff's SF–95 itself made explicit references to the V.A. or its agents' failure to meet the standard of care owed a patient and thereby clearly suggested a medical malpractice claim. The SF–95 complained that: "[there was an] egregious breach of the Standard of Care that applied to a therapist in these circumstances;" "Dr. Little further breached the applicable standard of care in these circumstances;" and "[the actions of the V.A. and its agents] constituted a separate mental assault on Claimant which has caused great psychological harm to Claimant." Def. Ex. A. This is not the needle in a haystack dilemma encountered in *Bembenista.* The

V.A. was given adequate notice of the medical malpractice claim, and thus the presentment requirement was met by plaintiff in his filing of the SF–95.

### 2. PLAINTIFF'S MOTION PURSUANT TO THE VETERANS' JUDICIAL REVIEW ACT

▪ Next, defendant notes that the Veterans' Judicial Review Act ("VJRA") bars benefits determination claims in this court. 38 U.S.C. § 7105 (1988), part of the VJRA, creates an exclusive review procedure for benefits determinations which is intended by Congress to be outside the federal district court system. *Zuspann v. Brown,* 60 F.3d 1156, 1158 (5th Cir.1995). This Court's jurisdiction over a claim is controlled by the claim's substance, not the plaintiff's characterization of the claim. *Emch v. United States,* 630 F.2d 523, 528 (7th Cir.1980), *cert. denied,* 450 U.S. 966, 101 S.Ct. 1482, 67 L.Ed.2d 614 (1981).

### A. PLAINTIFF'S CLAIM REGARDING THE TERMINATION OF TREATMENT BY DR. WILLIAMS AND BY DR. GUARINO

▪ Plaintiff claims that defendant abandoned his treatment by terminating Dr. Guarino's emergency care. Am.Comp. at ¶ 54(f). Defendant correctly contends that "this element of plaintiff's claim does not involve the provision of medical care as such but rather the Department's responsibility to pay for plaintiff's medical care by a private practitioner." Def. Rep. Memo. at 6. As such, this claim constitutes a claim for benefits determination. The defendant is therefore correct in asserting that the VJRA prevents jurisdiction over this claim in federal district court. Plaintiff also complains of the termination of Dr. Williams' treatment of plaintiff. Am. Comp. at ¶ 54(e)(ii). Likewise, this is an issue regarding the denial of plaintiff's deserved benefits. Therefore, the claim is within the scope of the VJRA, and jurisdiction over the claim lies elsewhere. Hence, subparts (b) and (c) of plaintiff's third claim, found in paragraphs 54(e)(ii) and 54(f) of the amended complaint, are dismissed

without prejudice for lack of subject matter jurisdiction.

## B. DEFENDANT'S MOTION FOR IMPROPER VENUE

██ The party defendant in this case is the United States government. Under 28 U.S.C. §§ 1346(b) and 1402(b), a civil action on a tort claim against the United States may be pursued "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Defendant's motion raises improper venue under Federal Rules of Civil Procedure 12(b)(3), claiming that all of the acts possibly constituting medical malpractice took place in Springfield, Virginia. *See* Def. Surreply at 3.

In this circuit, courts have applied a broad reading to Federal venue requirements. For example, *Lamont v. Haig*, 590 F.2d 1124 (D.C.Cir.1978), held that the general venue requirement of 28 U.S.C. § 1391(b) (1988), in its language pertaining to where "the claim arose," should be "ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records." *Id.* at 1134. *Thornwell v. United States*, 471 F.Supp. 344 (D.D.C.1979), applied *Lamont*'s Section 1391(b) reasoning to Section 1402(b)[1] and stated that the two sections' venue requirements should be judged equivalently. *Thornwell*, 471 F.Supp. at 356. Thus, venue should be accepted "if the activities that transpired in the forum district were not insubstantial in relation to the totality of events giving rise to plaintiff's grievance." *Id.* at 356 (quoting *Lamont*, 590 F.2d 1124, 1134 n. 62 (D.C.Cir.1978)).

However, most of the remaining claims of plaintiff, *i.e.*, claims (1), (2), (3)(a), (4)(a), and (6) center exclusively around activities that occurred outside this district. Therefore, the Court finds that jurisdiction is inappropriate in the District of Columbia for these claims,

and the motion to transfer these claims for improper venue is granted. The more appropriate forum to hear these claims would be the Eastern District of Virginia. Therefore, pursuant to 28 U.S.C. § 1404(a), plaintiff's claims (1), (2), (3)(a), (4)(a), and (6), found in paragraphs 54(c), (d), (e)(i), (g)(i), and (b) of the amended complaint, respectively, are hereby transferred to the Eastern District of Virginia.

## C. DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION FOR SUMMARY JUDGMENT

Defendant has also moved to dismiss plaintiff's amended complaint for failing to state a claim under Federal Rules of Civil Procedure 12(b)(6). If, however, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b). Because the parties submitted additional evidence, the court shall treat the motion to dismiss under 12(b)(6) as one for summary judgment.

██ Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A motion for summary judgment should be granted, therefore, when, upon review of all evidence construed in favor of the nonmoving party, the court concludes that a jury could not "reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

██ A successful medical malpractice claim requires plaintiff to prove that the defendant owed a duty to plaintiff to conform

---

1. The language of 1391(b) was expanded in 1990 to state that a civil action may be brought "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). However, this does not impact the standard for reviewing § 1402(b) as set forth in *Thornwell*. Although § 1391(b) has changed since *Thornwell*, the case's logic, which dictates a broad reading of the venue requirement of § 1402(b), remains sound.

to a certain standard of care, that defendant breached that standard, and that the breach proximately caused plaintiff's injury. *In re Sealed Case,* 67 F.3d 965, 968 (D.C.Cir.1995). The plaintiff's two remaining claims which are viable in this district, (4)(b) and (5), are considered in this context.

### 1. THE ELEMENT OF PLAINTIFF'S CLAIM REGARDING DR. WILLIAMS' IMPLYING THAT PLAINTIFF WOULD BE PLEASED WITH THE REPORT

Plaintiff argues in his claim (4)(b) that defendant caused plaintiff to feel despair by first implying that plaintiff would be pleased with Dr. Williams' report and then refusing to allow plaintiff to see the report. Am.Comp. at ¶ 54(g)(ii). As a matter of law, this is not an appropriate claim of medical malpractice, since it was merely a promise which plaintiff concedes was made in good faith by Dr. Williams. Therefore the motion for summary judgment is granted and paragraph 54(g)(ii) of the amended complaint is dismissed.

### 2. PLAINTIFF'S CLAIM REGARDING THE V.A.'S REFUSAL TO RELEASE DR. WILLIAMS' DRAFT REPORT, PUNISHMENT OF DR. WILLIAMS, AND MISREPRESENTATIONS TO PLAINTIFF IN ITS CORRESPONDENCE WITH PLAINTIFF

Plaintiff contends in his claim (5)(a) that defendant exacerbated the plaintiff's poor mental state by not delivering Dr. Williams' draft report as promised. Am. Comp. at ¶ 54(h)(i). Defendant argues that "plaintiff's request for documents ... has no apparent connection with plaintiff's medical treatment and is consequently a highly dubious basis for a medical malpractice claim." Def. Rep. Memo. at 5. The court agrees with defendant that this constituted an administrative decision, and grants summary judgment in favor of defendant on claim (5)(a).

Plaintiff's claim (5)(b) alleges that the V.A. persecuted and punished Dr. Williams after he tried to aid the plaintiff, thereby worsening the plaintiff's mental condition. Am. Comp. at ¶ 54(h)(iii). Claim (5)(b) does not constitute a medical malpractice claim since the action being complained of was an administrative action, not an action taken by plaintiff's doctor. Therefore, this portion of plaintiff's claim is hereby dismissed.

Plaintiff's claim (5)(c) concerns the adverse impact on plaintiff of the correspondence between plaintiff and the V.A. Am.Comp. at ¶ 54(h)(ii). Once more, this set of facts cannot be invoked to support a medical malpractice claim. The correspondence exclusively dealt with plaintiff's Privacy Act and FOIA requests and was undertaken at the V.A.'s bureaucratic level. Plaintiff's motion for summary judgment is therefore granted on this element of plaintiff's claim.

### III. CONCLUSION

Defendant's argument that plaintiff did not first present his claim to the appropriate agency fails after an examination of the facts. However, defendant's argument that subject matter jurisdiction does not exist in this court because of the VJRA is granted for plaintiff's claim for (3)(b) and (3)(c), found at ¶ 54(e)(ii) and (f) of the amended complaint. Both elements deal with the determination of benefits and not with a medical malpractice claim.

Venue in this jurisdiction is improper for plaintiff's claims (1), (2), (3)(a), (4)(a), and (6), found in paragraphs 54(c), (d), (e)(i), (g)(i), and (b) of the amended complaint, respectively, since the activities which are the basis of these claims transpired in Springfield, Virginia. Therefore, these claims of plaintiff are transferred to the Eastern District of Virginia.

Defendant's motion for summary judgment is granted for the balance of plaintiff's claims, which have no relevancy or pertinence to a medical malpractice claim. Specifically, claims 4(b) and (5), found in paragraphs 54(g)(ii) and (h) of the amended complaint, respectively, are dismissed, as the allegations made by plaintiff have no connection to a medical malpractice claim.

For the foregoing reasons, it is hereby

ORDERED that defendant's Motion to Dismiss for lack of jurisdiction is GRANTED for paragraph 54 parts (e)(ii) and (f) of the amended complaint;

ORDERED that defendant's Motion to Transfer is GRANTED for paragraphs 54, parts (b), (c), (d), (e)(i), and (g)(i) of the amended complaint; and it is further

ORDERED that defendant's Motion to Dismiss, or, in the alternate, for Summary Judgment is GRANTED for paragraphs 54(g)(ii) and (h) of the amended complaint.

All claims now having been dismissed except those transferred, this entire case shall now be transferred to the United States District Court for the Eastern District of Virginia.

SO ORDERED.