# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALEJANDRO VELASQUEZ MENDOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 23-0031 (UNA) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Alejandro Velasquez Mendoza ("Plaintiff") is imprisoned at the Washington State Penitentiary in Walla Walla, Washington. He brings this action under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b), 2671 *et seq.*, against the Federal Bureau of Prisons alleging the denial of adequate medical care while in Washington State's custody and demanding an award of $20 million.

Under FTCA, "[a] claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citations omitted). Here, Plaintiff fails to allege that a *federal* employee acting within the scope of his or her official duties was negligent or committed some other wrongful act.

1

Even if Plaintiff could pursue his FTCA claim, venue in this district is improper. *See Beck v. Barr*, No. 20-CV-3659, 2020 WL 8617799, at *1 (D.D.C. Dec. 30, 2020) (assuming without deciding plaintiff could pursue FTCA claim against Minnesota defendants, venue in District of Columbia is improper), *aff'd sub nom. Beck v. Garland*, 853 F. App'x 685 (D.C. Cir. 2021). FTCA has its own venue provision:

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b); *see Williams v. United States*, 932 F. Supp. 357, 363 (D.D.C. 1996). It is Plaintiff's burden to establish that venue is proper in the district of his choosing. *See Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (quoting *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011)), *aff'd*, No. 20-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021). Plaintiff is considered a resident of the district where he is confined, *see In re Pope*, 580 F.2d 620 (D.C. Cir. 1978), which makes him a resident of Washington State, and the events giving rise to his claims necessarily would have occurred in Washington State, not the District of Columbia.

The Court will grant Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and dismiss the complaint (ECF No. 1) and this civil action without prejudice for failure to state a claim upon which relief can be granted. An Order is issued separately.

DATE: January 19, 2023

/s/
CHRISTOPHER R. COOPER
United States District Judge