**Beverly Ann HALL, Appellant,**

v.

**FORD ENTERPRISES, LTD., Appellee.**

**No. 80–223.**

District of Columbia Court of Appeals.

Argued Jan. 5, 1982.

Decided April 28, 1982.

Charles C. Parsons, Washington, D. C., with whom Dana Lee Dembrow, Washington, D. C., was on brief, for appellant.

Brien A. Roche, Fairfax, Va., for appellee.

Before NEBEKER, FERREN and BELSON, Associate Judges.

BELSON, Associate Judge:

This is an appeal from a directed verdict in favor of appellee in a suit for negligent misrepresentation. Appellant sued in the Superior Court alleging that appellee corporation was liable for injuries she suffered as a result of a criminal assault by a third party. It was appellant's theory that appellee negligently misrepresented the safety of the building in which the assault took place by causing to be posted on the building a

decal which stated that the premises were protected by a detective agency. Appellant asserted that she entered the building in reliance upon the decal's alleged representation that the building was safe. The trial court directed a verdict for appellee at the close of appellant's case-in-chief on the ground that as a matter of law appellant had not presented evidence which would support a finding of negligent misrepresentation by appellee.[1] We affirm.

On March 6, 1974, appellant arranged with an acquaintance to meet him later that evening in front of 1530 16th Street, N.W., an apartment building in which the acquaintance was a tenant. Appellant arrived at the apartment building shortly after 10:00 p. m. and, after waiting in her car approximately five minutes, went into the building to look for her friend. The front door to the building was locked, and appellant gained entry to the building by following a tenant inside. Appellant testified at trial that she feared for her safety sitting alone in her car, and that she was induced to enter the apartment building by a decal posted on the front of the building. The decal was shaped like a police badge and bore the words "protected by Scott Detective Agency, Ltd."

After entering the building, appellant waited in the lobby for five to ten minutes, during which time she noticed a man loitering in the lobby and apparently observing her. The presence of the man in the lobby upset appellant, and she went on to the elevator, planning to take it to the sixth floor where she believed her acquaintance's apartment was located. The man followed appellant onto the elevator and forced her at gunpoint to accompany him to a deserted stairwell where he sexually assaulted her and robbed her.[2] Appellant filed suit against the owners of the building and appellees seeking compensation for medical expenses, lost wages, physical and mental injury, and pain and suffering resulting from the assault.[3]

■ In general no liability exists in tort for harm resulting from the criminal acts of third parties, although liability for such harm sometimes may be imposed on the basis of a special relationship between the parties.[4] In the instant case appellant does not allege the existence of any special relationship between her and appellee. Rather, she urges that appellee is liable on the basis of its negligent misrepresentation that the building in which she was assaulted was safe. We do not reach the issue of whether liability for the criminal acts of third parties can be imposed on the basis of negligence in the absence of a relationship between the parties because we find insufficient evidence of negligent misrepresentation in this case.

1. The court also ruled that there was insufficient evidence to establish that appellee was responsible for the decal. Evidence was adduced that appellee had not placed the decal on the building, that appellee had purchased the assets of the Scott Detective Agency, Ltd., and that appellee was located at the same address as the latter corporation and occasionally traded under a very similar name, Scott Detective Agency. Since we find that appellant failed to introduce sufficient evidence that a negligent misrepresentation had been made by the decal, we do not reach the issue of what responsibility, if any, appellee assumed for the decal by virtue of the purchase of corporate assets and appellee's apparent identification with the corporation named on the decal.

2. The assailant was convicted in Superior Court of sodomy and assault with a dangerous weapon.

3. Appellant's suit against the property owner was dismissed as being barred by the statute of limitations, and the dismissal was upheld on appeal. *Hall v. Cafritz*, D.C.App., 402 A.2d 828 (1979).

4. Traditionally, relationships that were considered to give rise to a duty of one party to protect the other party from foreseeable criminal acts of third persons have included the relationships of landowner to invitee, businessman to patron, employer to employee, school district to pupil, hospital to patient, and common carrier to passenger. *See Kline v. 1500 Massachusetts Ave.*, 141 U.S.App. 370, 375-76, 439 F.2d 477, 482-83 (1970). More recently, a duty has been found on the part of a landlord to protect tenants from foreseeable harm from third persons in areas under the landlord's control. *Id.; Spar v. Obwoya*, D.C.App., 369 A.2d 173 (1977).

■ To establish negligent misrepresentation by a defendant, a plaintiff must show that:

1. The defendant negligently communicated false information.
2. The defendant intended or should have recognized that the plaintiff would likely be imperiled by action taken in reliance upon his misrepresentation.
3. The plaintiff reasonably relied upon the false information to his detriment.

See Restatement of Torts 2d § 311 (1965); W. Prosser, Torts, § 107, pp. 704–710 (4th ed. 1971).

■ Appellant's evidence would not support a finding that false information was communicated by the statement in the decal. The decal stated that the premises were "protected by" a detective agency. The uncontested evidence at trial was that, pursuant to an agreement with the owners, appellee provided roving security patrols in the building, and that security guards patrolled the building on the night of the assault. The words "protected by" must be read in their ordinary sense, that is as meaning guarded by, or defended by. The words cannot be read as a guarantee of safety to all who enter upon the premises. Thus, we conclude that appellant failed as a matter of law to establish the first of the three elements of the tort alleged. Since appellant failed to establish the communication of false information, it follows that she could not establish the remaining two elements of negligent misrepresentation which are set out above.[5]

We hold, therefore, that appellant failed as a matter of law to adduce sufficient evidence to support a finding of negligent misrepresentation by appellee and the trial court did not err in directing a verdict for appellee.

*Affirmed.*

---

5. We note that appellant failed to introduce evidence sufficient to establish that appellee intended, or should have recognized, that one in appellant's position would enter the building in reliance on the statement that the premises were protected. It is not sufficient of course that appellant testified that she did in fact rely upon the statement. Actual reliance goes to the third element of the tort alleged. Appellant was required to introduce evidence that her reliance was at least foreseeable by appellee. While it is obvious that a usual function of such decals is to ward off potential criminal activity, we have been shown no basis for concluding that it should be anticipated that they will induce persons to enter onto the premises to seek protection of their persons.